_____

No. 96-1312
_____

United States of America,        *
                                       *
     Plaintiff - Appellant,    *
                                       *  Appeal from the United States
     v.                          *  District Court for the
                                       *  Western District of Arkansas.
Milton Gary Marshall,      *
                                       *        **[PUBLISHED]**
     Defendant - Appellee.    *

_____

Submitted:  February 23, 1996

Filed:  March 8, 1996
_____

Before BOWMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Milton Gary Marshall was convicted of causing others to file fraudulent federal income tax returns in violation of 26 U.S.C. § 7206(2). The district court sentenced him to fifty-one months in prison, one year of supervised release, and a $15,000 fine.  Marshall appealed, and the district court ordered his release pending appeal.  The government appeals this release order under 18 U.S.C. §§ 3145(c) and 3731.[1]  We reverse.

The Bail Reform Act of 1984 made it much more difficult for a convicted criminal defendant to obtain his release pending appeal.

_____

[1]Alternatively, the government could have filed a detention motion under F.R.A.P. 9(b) in Marshall's pending appeal.  In either case, our review of the release/detention question is governed procedurally by 18 U.S.C. § 3145(c) and F.R.A.P. 9(a).  The parties have provided us with statements of position, a copy of the district court's order, and a transcript of the sentencing proceedings, so this question is ready for decision.

The Act's intent "was, bluntly, that fewer convicted persons remain at large while pursuing their appeals." United States v. Powell, 761 F.2d 1227, 1231 (8th Cir. 1985) (en banc). For crimes of the type committed by Marshall, release pending appeal now requires that the district court or this court find (A) by clear and convincing evidence that the defendant is unlikely to flee or pose a danger to others, and (B) that his appeal "raises a substantial question of law or fact" that is likely to result in reversal, new trial, or reduction to a sentence that would be served before disposition of the appeal. 18 U.S.C. § 3143(b)(1)(A) & (B).

The district court ignored requirement (B), giving as reasons for Marshall's release only that he is "not a risk to flee," that detention "would be very, very harsh and restrictive on you," and "that the appeal can be handled relatively quickly." This was error. Moreover, Marshall did not satisfy requirement (B) in his statement of position to this court; indeed, he did not even identify what issues he will raise on appeal. We require a showing that the appeal presents "a close question" -- not "simply that reasonable judges could differ" -- on a question "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Powell, 761 F.2d at 1234. Thus, Marshall must be detained pending appeal.

The district court order releasing Milton Gary Marshall pending appeal is reversed. The case is remanded for the limited purpose of imposing an appropriate detention order. This partial remand does not affect Marshall's pending appeal.

A true copy.

        Attest:


        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.